IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JA'MARIO JAMES,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF NEBRASKA,<br><br>    Respondent. | **8:21CV91**<br><br>**MEMORANDUM AND ORDER** |

After granting Petitioner Ja'Mario James ("James") leave to proceed in forma pauperis, the court now conducts an initial review of James' Petition for Declaratory Judgment and Writ of Mandamus (filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. In conducting this review, the court will also consider James' Motion for Hearing (filing 8) and the accompanying materials (filing 8-1).

## I. BACKGROUND

James is a prisoner currently confined at the Tecumseh State Correctional Institution.[1] Pursuant to a plea agreement, James pleaded guilty to one count of robbery and was sentenced on October 14, 2008 to 8 to 20 years' imprisonment with credit for 183 days served in Case No. CR08-470 in the District Court of Lancaster County, Nebraska. (Filing 1 at CM/ECF pp. 5–6; Filing 8 at CM/ECF p. 9; Filing 8-1 at CM/ECF p. 10, 20.) After being paroled in 2012 (filing 8-1 at CM/ECF pp. 8, 42), James was then convicted following a bench trial in the District Court of Douglas County, Nebraska in Case No. CR16-933 of

---

[1] When he filed his Petition, James was confined at the Nebraska State Penitentiary (*see* filing 2 at CM/ECF p. 3), but the Nebraska Department of Correctional Services website indicates that Plaintiff is confined at the Tecumseh State Correctional Institution. *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.html.

strangulation and terrorist threats with the habitual-offender enhancement and was sentenced to concurrent terms of 10 to 12 years' imprisonment on each count with credit for 413 days served. (*Id*. at CM/ECF p. 11, 14.)

On March 5, 2021, James filed a Petition for Declaratory Judgment seeking a declaration of "the status of CR#08-470 (Robbery) due to the court's negligence in not entering a plea order causing a breach of the plea agreement entered into on 8-28-2008." (Filing 1 at CM/ECF p. 1.) James contends that the state district court's failure to enter a "plea order" deprived the court of "jurisdiction to pass judgment or sentence" and violates James' constitutional rights to due process and equal protection. (*Id*. at CM/ECF pp. 1–2, 11.) James' Petition also includes a request for a Writ of Mandamus to "provide [James] with the termination date for CR#08-470 to clear up any discrepancies for the calculation of this robbery sentence for [the] Nebraska Department of Correctional Services Records Manager." (*Id*. at CM/ECF p. 13.)

In his Motion for Hearing, James further clarifies the relief he seeks by asking the court to "order release of the Petitioner immediately with no restitution" and asserts that "granting release [is] in accordance with Neb. Rev. Stat. 83-1,106"[2] as he should no longer be serving his sentence for the robbery conviction in CR08-470. (Filing 8 at CM/ECF pp. 1–3.)

## II. DISCUSSION

A "civil action" under 28 U.S.C. § 1915 of the Prison Litigation Reform Act ("PLRA") is not limited to actions challenging a prisoner's conditions of confinement; rather, courts have consistently applied the provisions of section

---

[2] In relevant part, Neb. Rev. Stat. § 83-1,106(3) provides: "If an offender is serving consecutive or concurrent sentences, or both, and if one of the sentences is set aside as the result of a direct or collateral proceeding, credit against the maximum term and any minimum term of the remaining sentences shall be given for all time served since the commission of the offenses on which the sentences set aside were based."

2

1915 to all manner of civil actions brought by prisoners, including declaratory-judgment actions. *See, e.g.*, *United States v. Jones*, 215 F.3d 467 (4th Cir. 2000) (prisoner's post-conviction motion for the return of property is a "civil action" for purposes of provision of PLRA requiring that a prisoner who brings a civil action or appeal must pay the full filing fee; that provision is not limited to prisoner civil-rights cases); *Hill v. City of St. Louis*, No. 4:14CV1813, 2015 WL 224998, at *1 (E.D. Mo. Jan. 15, 2015) (assessing initial partial filing fee pursuant to 28 U.S.C. § 1915(b) in prisoner's action for declaratory judgment pursuant to 28 U.S.C. § 2201).

Under 28 U.S.C. § 1915, the court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted).

Here, James claims that his continued imprisonment under the sentence in CR08-470 violates due process and equal protection because no valid "plea order" was entered in that case. Essentially, James contends that he is entitled to

immediate release because he is entitled to credit against his sentence in CR16-933 for serving the entirety of the "invalid" CR08-470 sentence.

James attempts to attack his state conviction and sentence indirectly through the Declaratory Judgment Act, 28 U.S.C. § 2201,[3] when he should have done so directly through a habeas petition. The law is well-established that a prisoner cannot seek a declaratory judgment under 28 U.S.C. § 2201 as to the validity of a state court judgment which he is engaged in serving. *Christopher v. State of Iowa*, 324 F.2d 180, 181 (8th Cir. 1963). *See also Johnson v. Norris*, No. 5:09CV00032 SWW, 2009 WL 2424439, at *5 (E.D. Ark. Aug. 5, 2009) (citing *Waldon v. Iowa*, 323 F.2d 852, 852–53 (8th Cir.1963)) ("The law is clear that a prisoner cannot use a declaratory judgment action as an indirect way to challenge the constitutionality of the criminal judgment under which he is confined."); *Jones v. Missouri*, Case No. 1:08CV38, 2008 WL 2020318 at *4 (E.D.Mo. May 7, 2008) (unpublished opinion) (declaratory decree that judgment was invalid because plaintiff was deprived of a right to a fair trial due to state statute would be a review and revision of judgment)). Such review is limited to the habeas sections of Title 28 of the United States Code. *See, e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) ("The disruptive effects of [a declaratory] action . . . are peculiarly great when the underlying claim must be adjudicated in a federal habeas proceeding.") Thus, Plaintiff's only remedy in federal district court is habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

---

[3] The Declaratory Judgment Act provides in relevant part that "[i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C.A. § 2201(a).

Moreover, to the extent James seeks a writ of mandamus to compel the Nebraska Department of Correctional Services or the state court "to clear up any discrepancies for the calculation of this robbery sentence . . . and protect the Petitioner's due process and equal protections [sic] of the law" (filing 1 at CM/ECF p. 13), the court does not have jurisdiction to compel state agencies or state courts to act. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff") (emphasis added); *see also White v. Ward*, 145 F.3d 1139 (10th Cir. 1998) (explaining that federal courts "lack[ ] jurisdiction to direct a state court to perform its duty").

Accordingly, the court concludes that James has failed to state any cognizable or plausible claim under the Declaratory Judgment Act and the court lacks jurisdiction to grant his request for a writ of mandamus. This action, therefore, must be dismissed.[4]

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice to the filing of a habeas corpus action under 28 U.S.C. § 2254.

2. The court will enter judgment by a separate document.

3. Petitioner's Motion for Hearing (filing 8) is denied.

4. The clerk of the court is directed to send a copy of this Memorandum and Order and the accompanying Judgment to Petitioner at the Tecumseh State Correctional Institution and to update his address accordingly.

---

[4] This decision is not intended to bar James from filing a timely habeas action under 28 U.S.C. § 2254 after exhausting his state remedies.

Dated this 2nd day of August, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge